IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NAVARRE SOWELL,**

    Petitioner,

v.                                                                    Civil Action No. 1:16cv153
                                                                      (Judge Keeley)

**DAVID WILSON, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On July 11, 2016, the *pro se* petitioner, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the validity of the Bureau of Prisons' ("BOP") computation of his sentence. ECF No. 1. The Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to file a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report ("PTAR") within twenty- one days. On July 26, 2016, the petitioner paid the $5.00 filing fee. ECF No. 5.

On August 29, 2016, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the Respondent. On September 19, 2016, the Respondent moved for an extension of time. ECF No. 9. By Order entered September 20, 2016, Respondent was granted the extension. ECF No. 10. On October 17, 2016, the Respondent moved to substitute party. ECF No. 12. Respondent moved again on October 20, 2016 for another extension of time. ECF No. 13. By Order entered the same day, Respondent's motion to substitute party was granted.

ECF No. 14. By Order entered October 24, 2016, Respondent's second motion for an extension of time was granted. ECF No. 15.

On October 27, 2016, the respondent filed a Motion to Dismiss or, Alternatively, for Summary Judgment with a memorandum in support. ECF Nos. 16 & 17. Because Petitioner was proceeding *pro se,* on October 31, 2016, the court issued a Roseboro Notice. On November 18, 2016, Petitioner filed a Motion for Stay/Continuance. ECF No. 21. By Order entered November 22, 2016, the motion was denied as moot.

## II. Facts[1]

On August 18, 2014, pursuant to an August 14, 2014 Information, Petitioner waived an indictment and was arraigned in the Northern District of West Virginia at Martinsburg point of holding court on one count of Use of Telephone to Facilitate Distribution of Cocaine Base, in violation of 21 U.S.C. § 843(b). ECF No. 6 & 4. That same day, pursuant to a written plea agreement, Petitioner entered a plea to the charge. ECF No. 10. On November 17, 2014, Petitioner was sentenced to a term of 92 months imprisonment to be followed by 3 years of supervised release. ECF No. 18. Judgment was entered on November 18, 2014. ECF No. 19.

Petitioner did not file an appeal or a motion to vacate pursuant to 28 U.S.C. § 2255.

## III. Contentions of the Parties

**A. Petitioner's § 2241 Motion**

Petitioner raises one ground in his § 2241 petition, contending that the BOP unlawfully computed his sentence, because he was not given credit toward his sentence from February 3, 2014, but only credit from November 17, 2014. ECF No. 1 at 5. Petitioner did not file a memorandum in support to elaborate on this claim.

---

[1] The citations in this section are to Petitioner's underlying criminal cases can be found on PACER at N.D. W.Va. Case No. 3:14cr43.

2

Regarding the exhaustion of his administrative remedies, petitioner contends that he presented his claim to the BOP but was told that the judge did not make the recommendation, because it "was not on the top of the judgment order." Id. at 8.

As relief, he seeks to have credit applied to his sentence. Id.

## B. Respondent's Motion

Respondent contends it is entitled to summary judgment or dismissal of this matter, arguing that:

1) Petitioner failed to administratively challenge the BOP's computation of his sentence [ECF No. 17 at 3]; and

2) even if Petitioner had administratively challenged his sentence, his petition still lacks merit, because the BOP properly computed his sentence. Id. at 7.

## C. Petitioner's Response

In his motion to stay, filed in response to the government's dispositive motion, Petitioner admitted that he did not administratively exhaust his claims with the BOP prior to filing suit, but sought a stay of these proceedings, because he believed that a dismissal of his case would "result in a future motion being barred as . . . successive." ECF No. 21 at 1. Alternatively, he asked that should the Government's dispositive motion be granted, he be granted permission to file a "second successive motion under 28 U.S.C. § 2244 in the event that the administrative remedy process does not resolve the concerns." Id. at 2.

## IV. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal

Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court

noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

**Failure to Exhaust**

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9),within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the Warden's response, he may appeal to the regional director of the Federal Bureau of Prisons (BP-10) within 20 calendar days of the Warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11) within 30 calendar days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D. Md. 1997).

Here, petitioner admits that at the time he filed his §2241 petition on July 11, 2016, he had not exhausted his administrative remedies. ECF No. 21 at 2. Respondent attaches a sworn

6

Declaration of Howard Williams, Legal Assistant and Administrative Remedy Clerk, assigned to the BOP Mid-Atlantic Regional Office, averring that Petitioner has never challenged his sentence calculation with the BOP by using the administrative remedy procedure, and further, during Petitioner's entire time in the BOP, he has never filed any administrative remedies. ECF No. 17-1.

Prisoners are required to exhaust their administrative remedies *prior to* the filing of their petitions, citing to McClung v. Shearin, 90 Fed. Appx. 444 (4th Cir. 2004) (Federal prisoners must exhaust their administrative remedies prior to filing §2241 petitions.); United States v. Odiana, 7 F.3d 227 (4th Cir. 1993) (administrative exhaustion required prior to filing §2241); United States. v. Mercado, 37 Fed. Appx. 698 (4th Cir. 2002) (dismissal for failure to exhaust BOP's administrative remedies prior to filing §2241). The requirement of exhaustion in § 2241 petitions is judicially imposed, and therefore courts retain discretion to waive the requirement when exhaustion is futile. See Larue v. Adams, No. 1:04-0396, 2006 WL 1674487 * 8 (S.D. W. Va. June 12, 2006), Reeder v. Phillips, No 1:07-cv-138, 2008 WL 2434003 *3, Keeley, J. (N.D. W.Va. June 12, 2008). However, unless the agency is certain to rule adversely, failure to exhaust is not excused. Reeder, 2008 WL 2434003 at * 3.

Accordingly, it is apparent from the record that Petitioner did not exhaust his administrative remedies regarding his sentence computation prior to filing in court. To the extent that exhaustion may be waived, Petitioner has failed to set forth any reason at all, let alone any accepted reason, to excuse his failure to exhaust, thus his claim must be dismissed.

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [ECF No. 16) be **GRANTED**, and the Petitioner's §2241 petition [ECF No. 1] be **DENIED and dismissed without prejudice**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: November 23, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE